UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

Jane Doe,

        *Plaintiff*,　　　　　　　　　　　　　　　　No. 1:24-cv-08808-JAV

    v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

        *Defendants*.

---------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT MOTION TO DISMISS

**THE BUZBEE LAW FIRM**
David Fortney (*admitted pro hac vice*)
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**CURIS LAW, PLLC**
Antigone Curis
52 Duane Street, 7th Floor
New York, New York 10007

1

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel The Buzbee Law Firm and Curis Law PLLC, hereby files this Memorandum of Law in Opposition to the Combs Defendants' motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, the instant motion should be denied.

**PRELIMINARY STATEMENT**

This matter is not time-barred. As detailed herein, the Victims of Gender-Motivated Violence Protection Law ("GMVL") opened up the statute of limitations for claims arising from gender-based violence, such as the sexual assault here, allowing previously barred claims to be brought prior to February 28, 2025. The black letter of the VGMVPL states "[n]otwithstanding any provision of law that imposes a period of limitation to the contrary, a civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." N.Y.C. Admin. Code § 10-1105(a). Thus, any claim which had expired under any applicable statute of limitations was revived and permitted to be filed after February 28, 2023 but before March 1, 2025. Plaintiff's complaint is timely. Moreover, the GMVL is not preempted by either the Adult Survivor Act ("ASA") or Child Victims Act ("CVA"), as Defendants contend, because neither is a "comprehensive regulatory scheme" or otherwise qualifies as having preemptive effect.

Likewise, the corporate defendants sued here should not be dismissed. The GMVL's broadly applicable policy of enabling victims of sexual assault to pursue claims against perpetrators and those who enable them is clear. Moreover, Plaintiff has clearly alleged that defendant Combs used his various businesses as alter egos for the purposes of enabling Combs to commit precisely the kinds of sexual assaults as the one detailed in the Complaint.

2

**FACTUAL ALLEGATIONS**

In 2001, Plaintiff (18 years old) and her cousin attended a Halloween party at Club New Yorker in Manhattan. Defendant Sean Combs and a group of others (his entourage) also attended the party, where they provided drinks to Plaintiff and her friends throughout the night. During the party, one of Combs' security guards escorted Plaintiff and two of her friends to a large black SUV limousine parked within walking distance of the club. When Plaintiff entered the vehicle, she observed Combs sitting in the rear seat. There were at least six (6) members of Combs' security team also inside the limousine at that time.

One of the men inside the vehicle handed Plaintiff a beverage. After consuming some of the drink, Plaintiff began to feel dizzy, intoxicated, and disoriented. She felt as though she was unable to control her own actions. Plaintiff believes that Combs, by himself or through his agents or employees, laced Plaintiff's drink with drugs.

Once Plaintiff was under the influence of the drugs in her drink, Combs ordered Plaintiff to perform oral sex on one of the security guards present. The security guard in turn ordered Plaintiff to remove her shirt. He then groped and fondled Plaintiff's breasts and forcefully pushed her head and mouth onto his penis. Plaintiff was drugged, terrified, and confined amongst numerous men. She did as Combs and his security guards demanded and ordered.

Combs called Plaintiff and her friends various profanities during the event. He doused and sprayed Plaintiff and her friends with champagne as they performed sexual acts on the men against their wills. Ultimately, Combs forced Plaintiff to perform oral sex on him, which she did under threat of force.

Eventually, Combs and his security team permitted Plaintiff and her friends to leave the vehicle. Plaintiff struggled to exit the vehicle, as she suffered from a serious headache and still had

issues controlling her body. Somehow, she made it back inside the nightclub, where she subsequently passed out. Plaintiff woke up the next morning at the home of a friend, without any recollection of how she had gotten there.

Following the brutal assault detailed above, Plaintiff has struggled with intense emotional pain and mental health issues, feeling disgusted and deeply depressed, and suffering symptoms of PTSD as well.

The Combs Defendants set forth four arguments in support of dismissal, all of which fail. *First*, the Combs Defendants argue the Plaintiff's claims are time-barred and the New York's Gender-Motivated Violence Law's ("GMVL") two-year revival window is preempted by other state law. *Second*, the Combs Defendants argue that the GMVL cannot apply retroactively against corporate defendants, because the original GMVL applied only to any "individual," even though the 2022 amendment to the GMVL expanded the scope to any "party." *Third*, the Combs Defendants allege the GMVL claim against the company defendants fails because there are no allegations of conduct subjecting them to liability. *Fourth,* defendants argue that the Complaint must be dismissed, at minimum, against three corporate defendants which were not formed in 2001. For the reasons set forth herein, Defendants' motion must be denied in its entirety.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure embrace a very liberal pleading standard. *See* Fed. R. Civ. P. 8 (General Rules of Pleading). Under Rule 8, a pleading need only contain a statement of jurisdiction; a short and plain statement of the claim showing the plaintiff is entitled to relief; and a demand for relief sought. *See* Fed. R. Civ. P. 8(a).

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the form and sufficiency of a statement of a claim under this liberal pleading rule. Since the enactment of the Federal Rules,

4

federal courts have developed a well-settled set of principles when reviewing a complaint in response to a motion to dismiss for failure to state a claim under Rule 12(b)(6). These principles include: (1) that the plaintiff's factual allegations contained in the complaint are accepted as true; (2) that the court must construe the complaint liberally in favor of the plaintiff and draw all reasonable inferences in favor of the plaintiff; (3) that the court may not consider matters or information beyond what is stated on the face of the complaint, judicially noticed facts, and any attachments to the complaint; (4) that the complaint must provide notice to the defendant of the plaintiff's claims; and (5) that the court should not dismiss the complaint for failure to state a claim unless it appears <u>beyond doubt</u> that it is impossible for the plaintiff to prove some set of facts in support of a claim which would entitle the plaintiff to relief.

This standard was modified slightly by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcrofl v. Iqbal*, 556 U.S. 662 (2009). Following these cases, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations that are sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In other words, a plaintiff can no longer stand on the "mere possibility of misconduct;" rather the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *i.e.*, sufficient facts to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79 (quotation and citation omitted). Determining whether a complaint states a plausible claim for relief is a context-specific undertaking for the court. *Id*. ("[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."). In performing this duty, the court considers the complaint in its entirety, as well as

documents incorporated into the complaint by reference, and matters of judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). Under *Twombly* and *Iqbal*, the Combs Defendants cannot meet the standard required for the Court to grant their motion to dismiss, and the motion must therefore be denied.

## ARGUMENT

**A.     Plaintiff's Claims are Not Time-Barred**

Plaintiff's claims are not time-barred because the GMVL opened the statute of limitations for matters otherwise time-barred until March 1, 2025, and Plaintiff filed this action on October 24, 2024, well within that window.

Defendants argue that the Complaint should be dismissed as time-barred on two (2) theories – (1) that the 2022 GMVL amendment did not revive Plaintiff's GMVL claim and, (2) that even if it did, the claim would be preempted by the ASA and the CVA and therefore time-barred because Plaintiff's Complaint was not filed within the windows afforded by either statute. Defendants misconstrue the plain language of the GMVL and seek to apply an overly broad interpretation of preemption laws. Thus, Defendant's motion should be denied.

      i.   *The GMVL clearly allows any and all otherwise time-barred claims to be brought before March 1, 2025.*

First, the language of the GMVL clearly states "[n]otwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." N.Y.C. Admin. Code § 10-1105(a). While the GMVL ordinarily provides a statute of limitations of seven (7) years for violations of the GMVL, the January 2022 amendment specifically carved out a two- and a half-year window for any and all

6

claims that were otherwise time-barred by any other statute of limitations. N.Y. C.P.L.R. § 10-1105(a). The amendment, therefore, opened the window for "any civil claim or cause of action . . . that is barred because the applicable period of limitation has expired." *Id*.

Further, as originally enacted, the GMVL provided victims of gender-motivated crimes of violence with a cause of action against only the individual who perpetrated the crime. (See NYC Municipal Code Title 10, Chapter 11, §10-1104, eff. Dec. 19, 2000.) Effective January 2022, the City Council amended §10-1104 to provide "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motived by gender has a cause of action against such party." (§10-1104, eff. Jan. 9, 2022.) In the same enactment, the City Council also amended §10-1105, entitled "Limitations," to provide: "any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitations has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." Taken together, the two amendments (1) expanded liability to non-perpetrator defendants where no liability had previously existed and (2) revived causes of action brought under the statute whose limitations period had already expired.

Defendants' arguments are contrary to the GMVL's primary intention: to make it easier for victims of gender-motivated violence to seek civil remedies in court—not, as Defendants would have it, make it harder. New York City passed the GMVL "[i]n light of the void left by the Supreme Court's decision" in *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress

7

lacked the authority under the Commerce Clause and the Fourteenth Amendment to pass such a remedy. 529 U.S. 598, 627 (2000).

"It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones v. Zambretti*, 2002 NY Slip Op 30135[U], *3, 2002 WL 34697795, at *1 (Sup. Ct. NY. Cnty. Apr. 9, 2002) (holding GMVL was intended to apply retroactively) (citing *Patrolmen's Benevolent Assn. v City of New York*, 41 N.Y.2d 205, 208 (1976)). The Council intended the GMVL to make it easier for victims of gender-motivated violence to seek court remedies. *Id.* It intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("In summary, there is no timeline on processing trauma. Not passing this Bill means we would be denying what it means to be fundamentally human and denying the research and the science that it takes some of us longer than other, not only to come forward, but to tell our story."), 131 ("I am here to tell you that a victim doesn't have a set time for when they came come forward. . .. Please pass the amendment to allow the window for justice to be pursued by all victims of gender-motivated violence." (emphasis added)). "Based on an analysis of statutory text and history" it is clear that "the legislative body intended [the GMVL] to apply retroactively." *Cadiz-Jones*, 2002 WL 34697795, at *1.1. The Complaint is not time barred and Plaintiff's GMVL claim is valid.

      ii.    *The GMVL is not preempted by the ASA.*

Defendants are incorrect that the GMVL's revival statute is preempted by the Child Victims' Act ("CVA") or Adult Survivors' Act ("ASA"). Defendant's notion that these laws command "field preemption" is an extreme expansion of the actual language and intended

application of the ASA and the doctrine of field preemption itself. Field preemption only "prohibits a local government from legislating in a field or area of the law where the legislature has assumed **full regulatory responsibility**." *Doe v. Black*, 23-CV-6418 at 5 (JGLC) (S.D. N.Y. Sep 27, 2024) (citation omitted) (emphasis added). "[T]he mere fact that a local law may deal with some of the same matters touched upon by state law does not render the local law invalid." *Id*. at 6 (quotations and citations omitted). Here, just one aspect of local law is at issue -- the statute of limitations, not the entire regulatory responsibility of the legislature. The ASA and CVA were intended to expand the statute of limitations, not limit it, which is consistent with the purpose of the GMVL. Likewise, the GMVL is not preempted by the ASA due to "conflict preemption" because the statutes do not conflict – they are actually consistent with one another in providing victims an opportunity to be compensated by those who victimized them. Judge Clarke of the Southern District of New York thoroughly analyzed this issue and found that field preemption did not bar the revival statute, that the ASA and CVA did not indicate an intent to occupy the field, that the ASA and CVA were not a "comprehensive and detailed regulatory scheme," and that conflict preemption did not bar the revival statute. *See Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 U.S. Dist. LEXIS 175929, *6-20 (S.D.N.Y. 2024). Judge Clarke's opinion establishes that there is no basis on which to find preemption of the GMVL's revival window.

**B.      GMVL Applies to Corporate Defendants Based Upon Successor Liability**

As shown in section A above, the GMVL applies retroactively to the Company Defendants at the time of the alleged assault on Plaintiff. The Combs Defendants argue, further, that the allegations against the Company Defendants are not specific enough under Rule 8. On a motion to dismiss, the Court's analysis of the plaintiff's claims is limited to the four corners of the pleading, the allegations of which are given liberal construction and accepted as true. *See Johnson*

*v. Proskauer Rose LLP*, 129 A.D.3d 59 (1st Dept. 2015). As such, when considering a motion to dismiss a complaint, the sole criterion is whether the pleading states a cause of action, and if, from the complaint's four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, motion for dismissal will fail. *See Pacific Carlton Development Corp. v. 752 Pacific, LLC*, 62 A.D.3d 677 (2nd Dept. 2009); *Ruffino v. New York City Transit Authority*, 55 A.D.3d 817 (2nd Dept. 2008); *see Sheridan v. Carter*, 48 A.D.3d 444 (2nd Dept. 2008); *Operative Cake Corp. v. Nassour*, 21 A.D.3d 1020 (2nd Dept. 2005).

Accordingly, on a motion to dismiss, a court should not resolve the merits of a claim by making factual determinations. *See T. Lemme Mechanical, Inc., v. Schalmont Cent. School Dist.*, 52 A.D.3d 1006 (3rd Dept. 2008). It is not the function of the Court to evaluate the merits of a case. *See Carbillano v. Ross*, 108 A.D.2d 776 (2nd Dept. 1985). Whether a plaintiff can ultimately establish her allegations is not part of the calculus in determining a motion to dismiss. *See Farber v. Breslin*, 47 A.D.3d 873 (2nd Dept. 2008). Rather, on a motion to dismiss, it is the trial court's duty to determine whether upon any rational construction of the evidence, trier of facts could find for plaintiff, and not to weigh proof. *See Choi v. Mann*, 104 A.D.2d 354 (2nd Dept. 1984). On a motion to dismiss for failure to state cause of action, any fact that can be fairly implied from the pleadings will be deemed alleged. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

A pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to law, it cannot be dismissed. *See Schlackman v. Robin S. Weingast & Associates, Inc.*, 18 A.D.3d 729 (2nd Dept. 2005). If any portion of any cause of action is sufficient, it should not be dismissed on motion. *See Lacks v. Lacks*, 12 N.Y.2d 268 (1963); *Napoli v. St. Peter's Hospital of Brooklyn*, 213 N.Y.S.2d 6

(1961). When a cause of action may be discerned, no matter how poorly stated, the complaint should not be dismissed for failure to state cause of action. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

Indeed, to survive a motion to dismiss for failure to state a cause of action, a pleading need only state allegations from which damages attributable to the named defendants conduct may reasonably be inferred. *See Fielding v. Kupferman*, 65 A.D.3d 437 (1st Dept. 2009). A motion to dismiss for failure to state a cause of action is available only where dispute pertains to law, not facts. *See Abrams v. Richmond County S.P.C.*, 125 Misc.2d 530 (1984); *New York State AFL-CIO v. Stimmel*, 105 Misc.2d 545 (1980).

The Complaint pleads in detail that Defendant Combs used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault. Complaint ¶¶ 2-10, 20, 24-30. It is premature at this juncture to grant defendants' motion as discovery has not yet commenced and the Company Defendants have yet to even answer the Complaint. Discovery may reveal that one or more of Combs' companies sponsored or was otherwise involved with the event Plaintiff attended, as was the case with so many of the events defendant Combs attended. It is significant to note that the information that plaintiff seeks is within the exclusive knowledge of defendants and can only conclusively be ascertained through discovery and party depositions. In *Morris v. Goldstein*, 223 A.D. 2d 582 (2nd Dept. 1996), the Court held that defendant was not entitled to summary judgment since information concerning defendant's relationship with the defendant was within the exclusive knowledge of defendants and further disclosure was necessary.

Further, several of the Company Defendants attempt to assert a claim that they are not liable due to the fact that they were not in existence at the time of the alleged conduct.

11

However, they do not take into account the concept and notion of successor liability, which is entirely applicable to the matter at issue. The doctrine of successor liability applies to this case as Company Defendants are responsible for the acts, omissions and liabilities of its predecessors. *See Schumacher v. Richards Shear Company, Inc.* 59 N.Y. 2d 239 (Ct. App. 1983), in which the Court of Appeals held that a successor corporation or entity, and/or an entity which formed as a result of a merger, could be responsible for the liabilities of a predecessor entity. The Court stated, "A corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations.

In *Simpson v. Ithaca Gun Co*. LLC 50 A.D. 3d 1475 (4th Dept, 2008), the Court stated that the premise that a successor corporation may be responsible for liabilities of a predecessor corporation is based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased.

Defendants make reference to the fact that in 2001 certain Company Defendants did not exist, insinuating that the companies had no affiliation or relationship with each other. However, their argument is misplaced. Indeed, where a successor purchases all or almost all of the predecessor corporation's assets, or the successor assumes a form nearly identical to that of the predecessor corporation, this may be sufficient to impose liability on the successor. *Burgos v. Pulse Combustion, Inc*., 227 A.D. 2d 295 (1st Dept. 1996). Discovery is needed and essential to ascertain this information.

Defendants' conclusory assertions that they cannot be held responsible for wrongdoing that occurred several years before some of the Company Defendants existed lacks merit. Defendant provides articles of incorporation to support their position that it should not be a party in this action. However, none of this conclusively establishes that a successor corporation did not subsume the liabilities of a previous business (especially where, as in defendant Combs' case, so many companies are similarly branded). When an entity engages in a mere name change and/or reorganization, successor liability applies. See *Kaur v. American Transit Insurance Company*, 19 N.Y.3d 827 (Ct. App. 2012), in which the Court of Appeals held that the law firm Baker, McEvoy, Morrissey & Moskovits, P.C. could be held liable as a successor in interest for the legal malpractice of a predecessor, Norman Volk & Associates, P.C. In this regard the Court stated as follows:

> Plaintiff brought an action alleging, among other things, legal malpractice, claiming that an insurer's in-house counsel, Norman Volk & Associates, P.C. (Volk) failed to represent certain parties in accordance with good and accepted legal principles and practices. Plaintiff further asserted that Baker, McEvoy, Morrissey & Moskovits, P.C. (BMMM) was liable as Volk's successor for the alleged malpractice. BMMM moved for summary judgment dismissing the complaint against it on the grounds that it was not a successor to Volk, and had not merged or consolidated with Volk.

> The motion court denied BMMM's motion for summary judgment, finding that there were unresolved factual issues as to whether BMMM was a "mere continuation" of Volk's practice or whether BMMM "de facto merged with" Volk. The Appellate Division concluded that BMMM's substitution for Volk in pending actions and its representations to the court that, essentially, Volk's attorneys would continue to work exclusively as counsel for the insurer at the

same address and phone number but under a different name, established as a matter of law that BMMM was a "mere continuation" of Volk.

The only "documentary evidence" that the Company Defendants submit are the certificates of incorporation. These certificates of incorporation should not be considered because they fail to establish that there was no relationship between the entity and its predecessors and therefore, do not "conclusively establish a defense to the asserted claims as a matter of law." *See Amsterdam Hospitality Group, LLC v. Marshall-Alan Assoc. Inc*., 120 A.D.2d 431 (1st Dept. 2014); *Art & Fashion Corp.,* 120 A.D.2d at 439 (1st Dept. 2014); *Greuner v. Center for Specialty Care, Inc.,* 2016 N.Y. Misc. LEXIS 4412 (N.Y. County 2016).

Plaintiff has clearly and adequately pled all of his claims in his complaint and raised issues that necessitate discovery to effectively prosecute this case. As such, defendant's motion should be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court deny the Combs' Defendants' Motion to Dismiss in its entirety.

Dated: April 14, 2025

                              Respectfully submitted,

## CURIS LAW, PLLC

By: */s/ Antigone Curis*

**CURIS LAW, PLLC**
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

14

**THE BUZBEE LAW FIRM**
David Fortney (*admitted pro hac vice*)
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909